IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN DOE 140,

                                                    CV. 07-1733-PK

                                                    OPINION AND
                                                    ORDER

                          Plaintiff,

v.


THE ARCHDIOCESE OF PORTLAND
IN OREGON and THE ROMAN CATHOLIC
ARCHBISHOP OF PORTLAND IN
OREGON,


                          Defendants.
_____

PAPAK, Magistrate Judge:

      This action was filed against defendants The Archdiocese of Portland in Oregon (the

"Archdiocese") and The Roman Catholic Archbishop of Portland in Oregon (the "Archbishop")

by fictitiously-named plaintiff John Doe 140 ("John") on November 21, 2007.  John's complaint

alleges defendants' vicarious liability for sexual battery and intentional infliction of emotional

Page 1 - OPINION AND ORDER

distress on a theory of *respondeat superior*.  This court has jurisdiction over John's action

pursuant to 28 U.S.C. § 1334(b), based on the relatedness of these proceedings to a case arising

under Title 11 of the United States Code.[1]

Now before the court is defendants' motion to require John to plead his nonfictitious

identity in compliance with Federal Civil Procedure Rule 10(a) or, in the alternative, to dismiss

his claims (#6).  This court has considered defendants' motions, all of the pleadings on file, and

oral argument on behalf of the parties.  For the reasons set forth below, defendants' motion to

require compliance with Rule 10(a) is denied with leave to refile at a later stage of these

proceedings.

## LEGAL STANDARDS

Federal Civil Procedure Rule 10(a) provides that:

> Every pleading shall contain a caption setting forth the name of the court, the title
> of the action, the file number, and a designation as in Rule 7(a).  **In the**
> **complaint the title of the action shall include the names of all the parties**, but
> in other pleadings it is sufficient to state the name of the first party on each side
> with an appropriate indication of other parties.

Fed. R. Civ. P. 10(a) (emphasis supplied).  This provision, which governs the form of pleading

captions, has been interpreted as a mandate that parties file their pleadings under nonfictitious

names.  Pursuant to Ninth Circuit jurisprudence, a party may nevertheless proceed anonymously

"when the party's need for anonymity outweighs prejudice to the opposing party and the public's

interest in knowing the party's identity."  *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1068

---

[1]  Specifically, this action is subject to the future claims fund under the Third Amended
and Restated Joint Plan of Reorganization confirmed in *In re Roman Catholic Archbishop of
Portland*, 04-37154, which, in relevant part, sets a $20 million cap on the total funds available to
pay all claims made against the Archdiocese through 2023.

(9th Cir. 2000).

## FACTUAL BACKGROUND

John was born in 1953.  He attended St. Mary Magdelene Church and Central Catholic High School in Portland, Oregon, where Father T. L. was a priest and instructor.  John alleges that Fr. T. L. provided pastoral services to John, including hearing his confession.  Additionally, John alleges that Fr. T. L. took affirmative steps calculated to gain the trust of John and his family, and that he obtained permission to spend substantial periods of time alone with John.

Beginning in approximately 1966, Fr. T. L. began making visits to John's family during which he would take John's confession.  John alleges that Fr. T. L. used these visits as an opportunity to fondle John's genitals "on dozens and perhaps as many as one hundred occasions."

John offers his declaration that if his name became public he would "feel uneasy that Church officials and parishioners were upset" with him and that disclosure of his name would "open up the door for exposure to the media."  John argues that his parents have been high profile members of the Catholic community, and would suffer shock and emotional devastation if his name were to become public.  John additionally offers the declaration of  Dr. Dennis W. Henderson, Psy. D, which states that defendant's motion requesting that John use his full name has already caused John to experience emotional trauma.  Dr. Henderson opines that disclosure of John's name would exacerbate his depression and anxiety.

## ANALYSIS

### I.    Motion to Require John to Plead His Identity

Defendants move to require John to state his nonfictitious identity in his pleading or, in the alternative, to dismiss his complaint based on his failure to do so.  It is undisputed that

defendants know John's true identity, and that discovery informed by such knowledge is ongoing. At sole issue here is John's right to file an anonymous *pleading*.

Federal Civil Procedure Rule 10(a) provides as follows:

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). **In the complaint the title of the action shall include the names of all the parties**, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

Fed. R. Civ. P. 10(a) (emphasis supplied). This provision, which governs the form of captions in pleadings, has been interpreted as a mandate that parties file pleadings under nonfictitious names. Nevertheless, the Ninth Circuit permits parties to proceed anonymously where circumstances justify such secrecy:

> Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, . . . and Rule 10(a)'s command that the title of every complaint "include the names of all the parties," Fed. R. Civ. P. 10(a). Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy.

*Advanced Textile*, 214 F.3d at 1067 (citation omitted). The *Advanced Textile* court specified that "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-1068 (citations, internal quotation marks and modifications omitted).

The *Advanced Textile* court set forth for the first time in this circuit the "legal standard governing a district court's discretionary decision to permit a party to proceed anonymously." *Id.* at 1068 (footnote omitted). Specifically, the court held "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity

Page 4 - OPINION AND ORDER

outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

The court further held that where the use of a pseudonym is intended to shield a party from retaliation, the court should weigh the need for anonymity versus prejudice to the opposing party according to a three-factor test:  "(1) the severity of the threatened harm. . . ; (2) the reasonableness of the anonymous party's fears. . . ; and (3) the anonymous party's vulnerability to such retaliation." *Id.*  The court did not, however, suggest that these three factors must necessarily be considered where the need for anonymity is other than to protect a party from retaliation.  *See id.*

The court "recognize[d] that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Id.* at 1069.  For this reason, the court specified that "[t]he court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice."  *Id.* at 1068.  The court made clear that:

> In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.  It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit.

*Id.* at 1069.

Finally, the Ninth Circuit specified that "the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068.  In this connection, the *Advanced Textile* court quoted with approval a decision of the

Fifth Circuit, *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), for the proposition that "party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Id.* at 1068-1069.

Here, the court finds that, if required to make his name known publicly, John would face a very real risk of harassment, ridicule, and personal embarrassment. The experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact. John faces a real risk of harm to which he, as a survivor of clergy sexual abuse, is peculiarly vulnerable, and his fears regarding that risk are entirely reasonable.

By contrast, the prejudice that defendants would face if John were permitted to proceed anonymously is significantly lesser, and largely amenable to mitigation. Defendants are already cognizant of John's true identity, and discovery has been proceeding. Although there is a cognizable risk of prejudice to defendants if John is permitted to proceed anonymously, due to the resultant lack of opportunity for third parties to learn about the case and come forward with relevant, particularized information regarding John, the magnitude of such risk is a matter of pure speculation. It appears likely, in any event, that any such risk would not significantly impair defendants' ability to prepare their defenses.

Moreover, the public interest in the important issues raised by this case would not be greatly impaired by protecting John's identity. Indeed, the public's interest in seeing the important issues of the case resolved on their merits, and in seeing just resolution of future abuse actions, would be significantly furthered by permitting this plaintiff to go forward anonymously.

Because John's need for anonymity significantly outweighs any possible prejudice to

defendants and the public's interest in knowing his true identity, John should be permitted to proceed under a fictitious name. Nevertheless, because the courts are mandated to consider possible prejudice to defendants at every stage of these proceedings, and to consider whether the proceedings may be structured so as to minimize that prejudice, defendants should retain the right to refile their request later in this action, as John's claims approach trial. In addition, this court shall monitor these proceedings *sua sponte* as they go forward, to prevent avoidable impairment of defendants' rights in consequence of John's anonymity.

## CONCLUSION

Defendants' motion to require compliance with Rule 10(a) (#6) is denied with leave to refile.

Dated this 26th day of February, 2008.

 /s/  Paul Papak
Honorable Paul Papak
United States Magistrate Judge